UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ABSOLUTE MANAGEMENT I, LLC,

        Plaintiff,

vs.
        Case No.12-cv-14014
        HON. GERSHWIN A. DRAIN

COUNTY OF OAKLAND, et al.

        Defendants.

_____/

OPINION AND ORDER GRANTING
PLAINTIFF'S MOTION FOR PROTECTIVE ORDER [#23]

I. Introduction/Factual Background

Before the Court is the Plaintiff's motion seeking a protective order, filed on March 27, 2013. Plaintiff alleges that Defendants' Request for Production of Documents #17 ("RFPD #17") seeks to obtain information that is protected under the Health Insurance Portability and Accountability Act ("HIPAA"), 42 U.S.C. § 1320d *et seq.*; Freedom of Information Act ("FOIA"), M.C.L. § 15.231; and/or the Michigan Medical Marihuana Act ("MMMA"), M.C.L. § 333.26421 *et seq.*.

On September 11, 2012, Plaintiff filed the instant action alleging violations of 42 U.S.C. § 1983: 4th and 14th Amendment violations (Count I) and Failure to Train (Count II). The Plaintiff leased and invested in two buildings, 760 Welch Road and 3130 Ruler Dr,

-1-

Commerce Twp., Michigan, for the purposes of subleasing space to customers for the legal growing of medical marijuana pursuant to the MMMA. To lease the premises for the cultivation of medical marijuana, Plaintiff required the sublesees to be qualified patients or primary caregivers pursuant to the MMMA.

Oakland County Sheriffs obtained a warrant to search the premises at 3130 Ruler Dr. to determine if there was an illegal marijuana growing operation. The warrant was obtained as a result of an alleged "suspicious" vehicle, marijuana stems, and marijuana plants found in the trash. *See* Compl., Dkt. No. 1, ¶¶ 23-27. Prior to the search warrant being issued, Plaintiff alleges that the premises were inspected by Oakland County Commander Lieutenant Clay Jansson ("Jansson") and determined to be in compliance with the MMMA local ordinances. Plaintiff further maintains that the warrant was obtained illegally because the information Oakland County Sheriffs provided to obtain the warrant was controverted by surveillance footage. Subsequent to the search on 3130 Ruler Dr., the Oakland County Sheriffs also obtained a warrant to search the 760 Welch property.

There were no criminal charges brought as a result of the raids, and the materials seized, sans the marijuana, was to be returned. Plaintiff alleges that the raids conducted by the Oakland County Sheriffs resulted in damaged doors and other property damage on both properties. Additionally, as a result of the sublessees marijuana being confiscated, Plaintiff alleges its sublessees were constructively evicted causing Plaintiff to lose revenue and suffer damages of approximately $350,000.

## II. Law And Analysis

Defendants ask via RFPD #17 that Plaintiff produce the following information: With respect to each sublessee at the 3130 Ruler Drive address, please provide the following documentation:

> a. All MMMA registry identification cards.
>
> b. All documentation evidencing the sublessee's [sic] agreement to operate in strict compliance with the MMMA and all local and state laws and regulations relating to medical marijuana.
>
> c. All receipts, invoices, or other items of documentary evidence reflecting the sale by Plaintiff to each sublessee for any and all grow lights and other equipment used to cultivate or grow marijuana in each sublessee's grow room.
>
> d. In the case of primary caregivers, copies of the MMMA registry identification cards for each registered qualifying patient who has specified that the primary caregiver be allowed under the state law to cultivate marijuana for said qualifying patient.
>
> e. Any and all other paperwork pertinent to each sublessee's marijuana cultivation in compliance with all applicable laws.

See Plt.'s Mot., Dkt. No. 23-2, ¶17.

Plaintiff argues that the information Defendants seek is protected from disclosure under the HIPAA, FOIA, and the MMMA. Plaintiff further argues that due to "significant privacy interests," it cannot disclose the identity and information of a qualified, non-party patient and/or caregiver because the requested documents "may be protected by physician-patient privilege." *See Id.*, Dkt. No. 23, ¶ 8. Additionally, Plaintiff maintains that disclosure of this information could subject Plaintiff and its counsel to potential criminal liability pursuant to the MMMA, M.C.L. § 333.26426(h)(4), and that the information Defendants seek is not relevant.

Defendants argue that the information they request from Plaintiff does not fall under any confidential provisions that Plaintiff lists. Defendants specifically maintain that Plaintiff makes a conclusory statement inferring the requested information would violate HIPPA without supporting the assertion with any facts or references to the statue. *See* Defs.' Resp., Dkt. No. 25, pg. 8. Additionally, Defendants contend that HIPPA does not apply to Plaintiff because it is not a medical provider and information provided to it would not be protected under HIPPA. *Id.* The Court agrees.

HIPPA provides that a "covered entity" may not use or disclose protected health information except as permitted or required by this subpart . . . ." 45 C.F.R. § 164.502(a). "[C]overed entity" means: (1) "[a] health plan"; (2) "[a] health care clearinghouse"; or (3) "[a] health care provider who transmits any health information in electronic form in connection with a transaction." 45 C.F.R. § 160.103. Plaintiff is in the business of leasing real estate and does not fit any of the "covered entities" referenced in the HIPPA . Even if Plaintiff was a covered entity, Plaintiff does not state what specific medical information it is in possession of that would violate the HIPPA. Thus, any assertions by the Plaintiff that the Request for

Production violates HIPPA is unfounded.

Defendants further argue that Plaintiff's reference to Michigan FOIA, M.C.L. § 15.231 *et seq.* or Federal FOIA, 5 U.S.C. § 551 *et seq.*, are also misplaced because both statutes relate to a request for information submitted to a governmental agency or public body. *See* Defs.' Resp., Dkt. No. 25, pg. 8.

Conversely, Plaintiff argues that the that FOIA expressly exempts any confidential information that is "specifically described and exempted from disclosure by statute." M.C.L. § 15.243(1)(d). Plaintiff contends that the confidential information Defendants request is protected from disclosure pursuant to the MMMA. And thus, the confidential information is also protected under § 15.243(1)(d).

The Federal FOIA provides that "[e]ach agency shall make available to the public information . . . ." *See* 5 U.S.C. § 552(a)(1). For purposes of the Act, "'agency' means each authority of the Government of the United States, whether or not it is within or subject to review by another agency . . . ." *See* 5 U.S.C. § 551(1). Similarly, the Michigan FOIA provides that "all persons . . . are entitled to full and complete information regarding the affairs of the government." *See* M.C.L. § 15.231. Here, Plaintiff is not an "agency" or an authority of the federal government or the state government within the meaning of state or federal FOIA, therefore, the Acts are not applicable to this case.

Lastly, Plaintiff argues that the MMMA states that information pertaining to the MMMA registry, identification cards, and applications are considered to be "confidential;" and thus, are expressly protected under the act. *See* Plt.'s Mot., Dkt. No. 23, pg. 7. Plaintiff asserts that the information submitted by patients and caregivers is personal in nature and disclosure of the information would result in an "unwarranted invasion of their privacy." *Id.*

at 9; (citing *Detroit Free Press v. City of Warren*, 250 Mich. App. 164, 176 (2002)).

Plaintiff further argues that Michigan Administrative Code, section 333.121, states that:

> Medical Marihuana program information shall be confidential and not subject to disclosure in any form or manner. Program information includes, but is not limited to, all of the following:
>
> (a) Applications and supporting information submitted by qualifying patients.
> (b) Information related to a qualifying patient's primary caregiver.
> (c) Names and other identifying information of pending applicants and their primary caregivers.

Plt.'s Reply, Dkt. No. 27, pg. 3-4 (quoting Mich. Admin. Code 333.121(1)).

Thus, Plaintiff contends that all of the information contained on the cards is exempt from Defendants' request because it is confidential.

Defendants argue that the manner in which Plaintiff operated the facility is central to the claims asserted. Defendants contend that they need to obtain the information from the third-party MMMA registry cards to determine if Plaintiff's sublessees were in compliance with the MMMA. Defendants further maintain that the information Plaintiff has regarding its tenants does not fall under any of the MMMA confidentiality provisions. The Court disagrees with Defendants.

The MMMA states:

(h) The following confidentiality rules shall apply:

> (1) [A]pplications and supporting information submitted by qualifying patients, including information regarding their primary caregivers and physicians, are confidential.
>
> (2) The department shall maintain a confidential list of the persons to whom the department has issued registry identification cards . . . . [I]ndividual names and other

> identifying information on the list are confidential and are exempt from disclosure under the freedom of information act,1976 PA 442,MCL 15.231to 15.246.
>
> (3) The department shall verify to law enforcement personnel whether a registry identification card is valid, without disclosing more information than is reasonably necessary to verify the authenticity of the registry identification card.
>
> (4) A person, including an employee, contractor, or official of the department or another state agency or local unit of government, who discloses confidential information in violation of this act is guilty of a misdemeanor, punishable by imprisonment for not more than 6 months, or a fine of not more than $ 1,000.00, or both. Notwithstanding this provision, department employees may notify law enforcement about falsified or fraudulent information submitted to the department...

M.C.L. § 333.26426 (h).

Plaintiff asserts in its Reply brief that Plaintiff was provided with the tenant lease documents and receipts for each tenant's purchase of any goods or equipment related to the growing of medical marijuana plants. *See* Reply, Dkt. No. 27, pg. 2. Therefore, what appears to remain at issue from RFPD #17 are: "(b) [a]ll documentation evidencing the sublessee's agreement to operate in strict compliance with the MMMA an all local and state laws and regulation relating to medical marijuana," and (e) [a]ny and all other paperwork pertinent to each sublessee's marijuana cultivation in compliance with all applicable laws." *See* Mot., Dkt. No. 23-2, pg. 8.

Parties may "serve on any other party a request within the scope of Rule 26(b)" for production of documents in the "responding party's possession, custody, or control." FED. R. CIV. P. 34(a)(1). Control comprehends not only possession, but also the right, authority, or ability to obtain the documents, especially when the opposing party does not have the

same practical ability to do so. *See Braun v. Medtronic Sofamor Danek, Inc.*, 2012 U.S. Dist. LEXIS 875 at *31, Case No. 2:10-CV-1283 (D. Utah Jan. 2, 2013).

Plaintiff states that it does not possess "documentation specifically relating to a tenant-Plaintiff agreement to operate and/or cultivate marijuana in compliance with the MMMA and all local and state laws relating to medical marijuana." *See* Plt.'s Reply, Dkt. No. 27, pg. 2. Plaintiff also contends that " *each sublesee maintained copies* of their qualifying . . . MMMA registry identification cards . . . and other paperwork pertinent to their marijuana cultivation in compliance with all applicable laws inside of their subleased rooms." *See* Compl. Dkt. No. 1, ¶ 21. Plaintiff further explains that it has provided Defendants with the general, standard property leases that it had with its tenants. *See* Plt.'s Reply, Dkt. No. 27, pg. 2 (emphasis added).

The Court cannot compel Plaintiff to deliver documents that it states it does not have. Plaintiff states in its brief that the *sublessees, not the Plaintiff,* maintained copies of the required paperwork and registry cards pursuant to the MMMA in the subleased rooms. Furthermore, even if Plaintiff did possess the said documents, the Court is not convinced that Plaintiff has the right or authority to be in possession of the documents as Federal Rules of Civil Procedure 34(a) and 26(b) require. *See also, Braun v. Medtronic Sofamor Danek, Inc.*, 2012 U.S. Dist. LEXIS 875 at *31.

Accordingly, the Court is **GRANTING** Plaintiff's Motion for Protective Order [#23].
SO ORDERED.

Dated: June 6, 2013  /s/Gershwin A Drain
 GERSHWIN A. DRAIN
 UNITED STATES DISTRICT JUDGE